# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:06CV17-H

| | |
|---|---|
| MARY S. BUCKLEY,           )<br>                              )<br>        Plaintiff,        )<br>                              )<br>vs.                           )<br>                              )<br>                              )     **MEMORANDUM AND ORDER**<br>NORTH AMERICAN VAN   )<br>LINES, INC.,                  )<br>                              )<br>        Defendant.        )<br>                              )<br>                              ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss ..." and "Memorandum in Support ..." (both document #6) filed February 13, 2006; and the Plaintiff's "Motion for Leave to File Amended Complaint" as stated in her "Memorandum in Response ..." (document #7) filed February 27, 2006. Defense counsel has informed chambers' staff telephonically that the Defendant will not file any further briefs concerning these motions.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and these Motions are now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>deny</u> the Defendant's Motion to Dismiss, and <u>grant</u> the Plaintiff's Motion for Leave to File Amended Complaint.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Taking the facts in the light most favorable to the Plaintiff Mary S. Buckley, on August 23, 2004, she contracted with Defendant North American Van Lines, Inc. to transport her personal belongings from New Mexico to North Carolina, and while in route and loaded on one of the

Defendant's vehicles, her property was damaged.

On December 13, 2005, the Plaintiff filed her Complaint in the Superior Court of Mecklenburg County, North Carolina, alleging a single state law claim for breach of contract.

On January 13, 2006, the Defendant removed the state court action to federal court, alleging federal question jurisdiction under the Interstate Commerce Act, 49 U.S.C. § 13101 et. seq. ("ICA").

On February 13, 2006, the Defendant filed its Motion to Dismiss on the grounds that the ICA preempts the Plaintiff's state law claim.

In her Memorandum in Response, the Plaintiff correctly concedes, as discussed below, that her state claim is preempted by the ICA, but seeks leave to amend her Complaint to state the appropriate federal claim. See Document #7 at 3-4. The undersigned is treating this request as a Motion for Leave to File Amended Complaint.

The parties' motions have been briefed as set forth above and are, therefore, ripe for disposition.

## II. DISCUSSION

As the parties now agree, it is well settled that the ICA preempts state statutory remedies for the loss of or damage to goods moving in interstate commerce. See, e.g., Thurston Motor Lines, Inc., v. Jordan K. Rand, Ltd., 460 U.S. 533, 535 (1983); and Ting-Hwa Shao v. Link Cargo Limited, 986 F.2d 700, 706 (4th Cir. 1993) ("the [ICA] was intended by Congress to create a national uniform policy regarding the liability of carriers ... for goods lost or damaged in transit").

The Fourth Circuit has stated, however, that "under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." U.S. v.

Pittman, 209 F.3d 314, 317 (4th Cir. 2000).[1]  Further, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999).

As the Plaintiff points out in her brief, the same facts she alleged to support her breach of contract claim will also support a claim under the ICA. Accord Ward v. Allied Van Lines, Inc., 231 F.3d 135, 137 (4th Cir. 2000) (ICA "makes motor carriers liable as virtual insurers for loss or damage to the goods they transport"); and Taylor v. Mayflower Transit, Inc., 22 F.Supp. 2d 509, 511 (W.D.N.C. 1998) (to state claim under ICA, plaintiff must allege only that defendant received property in good condition, that goods arrived in damaged condition, and that plaintiff suffered loss as result).

Applying these legal principles to the record in this case, the undersigned finds that the Plaintiff's proposed amendment to state formally an ICA claim is offered in good faith and does not unduly prejudice the Defendants, who have certainly been on notice that Plaintiff's claim actually arose under the ICA. Accordingly, the Plaintiff shall be granted leave to file an Amended Complaint, and the Defendant's Motion to Dismiss will be denied as moot.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED**

1. The Plaintiff's "Motion for Leave to File Amended Complaint" as stated in her "Memorandum in Response ..." (document #7) is **GRANTED**, and the Plaintiff shall file an

---

[1] Federal Rule of Civil Procedure 15(a) provides in relevant part that:

a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

<u>Amended Complaint on or before April 10, 2006</u>.

    2. The Defendant's "Motion to Dismiss" (document #6) is **DENIED AS MOOT**.

    3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

    **SO ORDERED**.

Signed: March 7, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge