IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06 CV 17-H

MARY S. BUCKLEY,

    Plaintiff,

v.

NORTH AMERICAN VAN LINES, INC.,

    Defendant.

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on the "Defendant's Motion for Judgment on the Pleadings . . ." (document #16) and its ". . . Memorandum in Support . . ." (document #17), both filed May 26, 2006. On June 12, 2006, the Plaintiff filed her ". . . Memorandum of Law in Opposition . . ." (document #18) and the "Affidavit of Elizabeth J. James" (document #19). The Defendant then filed its ". . . Reply and Motion to Strike Plaintiff's Affidavit" (document ##24-25) on June 30, 2006.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is now ripe for disposition.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will deny both the Defendant's Motion for Judgment on the Pleadings and its Motion to Strike, as discussed below.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

This is an action for damages pursuant to the Interstate Commerce Act and the Carmack Amendment to that Act. On August 23, 2004, the Plaintiff contracted with the Defendant to have her household goods moved from Las Cruces, New Mexico to Charlotte, North Carolina. Pursuant

to this agreement, she executed a Household Goods Bill of Lading with the Defendant. The Defendant then took possession of the Plaintiff's goods on August 24, 2004, when it packed her household goods and loaded them onto a truck for delivery to Charlotte. The Defendant delivered the Plaintiff's goods to her storage unit in Pineville, North Carolina on September 13, 2004, eleven days late, and, according to the Plaintiff, with significant damage. Due to this damage, the Plaintiff's attorney sent a letter regarding "Reference #U6030700; Ms. Ross Buckley; Move from Las Cruces, New Mexico to Charlotte, North Carolina; Load date: August 23, 2004," to the Defendant's on December 29, 2004, conveying the following:

> This lawfirm [sic] represents Ms. Buckley in this matter. On August 23, 2004, your company took possession of Ms. Buckley's furniture, jewelry and other personal belongings for delivery to Charlotte, North Carolina on or about August 31 to September 2, 2004 under a service contract referenced above. However, her belongings did not arrive at the appointed destination until well after September 8, 2004, and when she inspected the same, she found significant damage to her property. She is in the process of completing an inventory and appraisal of her damages in this matter, but preliminarily it appears that her losses are in excess of $75,000.00.
>
> You should treat this letter as a formal claim filed on behalf of Ms. Buckley. I thank you for your attention to this matter, and please do not hesitate to call with any questions.

In response to this letter, on January 6, 2005, the Defendant sent a letter conveying the following:[1]

> We received your December 29, 2004 letter concerning Ms. Buckley's relocation from New Mexico to North Carolina.
>
> The carrier must receive your client's claim in writing within 9 months of the termination of the transit contract. We are enclosing a claim form and instruction sheet for your client's convenience. Please have her complete the form and submit it to us following the instructions provided.

---

[1]The Plaintiff's attorney never received this letter, and points out that the copy of the letter provided to the Court was not signed. However, this fact is not determinative as the issue is whether the Plaintiff did in fact file a proper claim, not whether the Plaintiff was on notice of the Defendant's opinion on this issue.

> We regret that your client could not report a claim free relocation. Please do not hesitate to contact us if you have any questions.

As the Defendant's letter intimates, the Defendant has a specific procedure for filing a claim and believed that the Plaintiff's letter did not constitute such a claim. Specifically, pursuant to federal law, the Defendant has provided by tariff and by contract through the "Household Goods Bill of Lading" signed by the Plaintiff a nine month limitation for filing such a claim. The "claim" must comply with the minimum requirements set forth in the Code of Federal Regulations (the "Regulations"), as discussed below. The Defendant argues that although it did receive the December 29, 2004 letter within the nine month limitation, the letter did not comply with the minimum requirements of the Regulations.

No further contact was had between the parties until the Plaintiff's counsel telephoned the Defendant on September 29, 2005, and was advised at that time that the Defendant felt that no proper claim had ever been filed. Then on November 11, 2005, the Plaintiff's attorney sent another letter with the following text:

> This lawfirm [sic] represents Ms. Buckley in this matter. This is to confirm your conversation with Thomas M. Tillet, in which you stated that no further claim information need be sent, because Ms. Buckley's claim will be denied. It is our understanding that with this denial, we have exhausted all non-civil remedies with NorthAmerican Van Lines, Inc., and that Ms. Buckley's only recourse at this point is to file a civil suit.
>
> I enclose a copy of the Complaint we intend to file. Please advise within the next ten (10) days if NorthAmerican Van Lines, Inc. believes that further administrative procedures are necessary before suit may be filed.
>
> I thank you for your attention to this matter.

Shortly thereafter, on December 13, 2005, the Plaintiff filed her Complaint in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina. On January 13, 2006, the

Defendant removed the state action to federal court, alleging federal question subject matter jurisdiction and diversity jurisdiction. The Plaintiff filed her Amended Complaint in this Court on April 10, 2006.

On May 26, 2006, the Defendant filed its ". . . Motion for Judgment on the Pleadings . . ." (document #16), which has been briefed as set forth above and is now ripe for determination.

On June 30, 2006, the Defendant filed its Motion to Strike the Plaintiff's Affidavit which contains a statement by one of the Plaintiff's attorneys that her office never received the January 6, 2005 letter from the Defendants. The Defendant argues that this affidavit should not be considered because it presents evidence outside the pleadings. However, it should be noted that the January 6, 2005 letter itself is evidence outside the pleadings – evidence proffered by the Defendant. Thus, the Defendant should not now complain that the Plaintiff has attempted to respond to this evidence outside the pleadings. However, even ignoring this fact, as discussed above, nothing relating to the January 6, 2005 letter, including whether it was received by the Plaintiff's attorneys, is relevant or material to the outcome of the Motion for Judgment on the Pleadings. The issue is not whether the Defendant considered the Plaintiff's claim complete on January 6, 2005, or even whether the Plaintiff knew of the Defendant's opinion of the claim, but rather it is whether the December 29, 2004 letter constituted a valid claim under federal law. Accordingly, the Defendant's Motion to Strike will be <u>denied</u>.

## II. DISCUSSION OF CLAIMS

A. **Standard of Review**

Although, a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is

separate and distinct from a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the distinction is one without a difference [because federal courts] apply[] the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)." Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). Accord Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) ("viewing the Defendants' motion as a Rule 12(c) motion does not have a practical effect upon our review, because we review the district court's dismissal de novo and in doing so apply the standard for a Rule 12(b)(6) motion").

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996) (en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969). Accord Republican Party of NC, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (internal citation omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King

5

& Spalding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

### B. Claim Filing Requirements

Federal statutory law provides that a carrier must give a claimant at least nine months to file a claim for damaged goods. 49 U.S.C. § 14706(e)(1). Further, the Defendant's bill of lading specifically provides that a written claim for any loss or damage must be filed within nine months of delivery. The parties do not dispute that the December 29, 2004 letter was filed within nine months of the date the claim arose, rather they dispute whether the letter contained the correct information to be considered a "claim." If it cannot be considered a "claim," then the Plaintiff has not made a timely claim and this action should be dismissed. For this determination, the Regulations provide the requirements for the substance of such a claim. See 49 C.F.R. § 1005.2. In order to be "considered as sufficient compliance with the provisions for filing claims embraced in the bill of lading or other contract of carriage," the written claim must be filed with the carrier within the time limitation and:

> (1) Containing facts sufficient to identify the baggage or shipment (or shipments) of property, (2) asserting liability for alleged loss, damage, injury, or delay, and (3) making claim for the payment of a specified or determinable amount of money.

49 C.F.R. § 1005.2(b). The Defendant argues that the Plaintiff's failure to file a more formal claim prevented them from learning "any detail as to the nature of the damage alleged," and complains that it was not "afforded the opportunity to independently inspect the alleged damage." However, 49 C.F.R. § 1005.2(b) simply does not require details of the damage. As to inspection opportunity, the

Defendant denied itself the opportunity to inspect the damage when it chose to ignore the Plaintiff's claim rather than proceed with it because it took the form of a letter instead of its own claim form.[2] Furthermore, the Regulations actually require prompt and thorough investigation of each claim – a requirement the Defendant ignored. See 49 C.F.R. § 1005.4(a).

At this stage of the proceeding, and taking the facts in the light most favorable to the Plaintiff, she has complied with the claim filing requirements. First, the December 29, 2004 letter plainly contains facts sufficient to identify the shipment. The letter is regarding "Reference #U6030700; Ms. Ross Buckley; Move from Las Cruces, New Mexico to Charlotte, North Carolina; Load date: August 23, 2004." This gave the Defendant enough information to know with certainty the shipment at issue. Second, it is apparent from the letter's language that the Plaintiff holds the Defendant liable for her alleged loss. It would be unreasonable to construe the letter as stating anything else. And, finally, the letter does make a claim for the payment of a specified and determinable amount of money. It states that the Plaintiff was "in the process of completing an inventory and appraisal of her damages in this matter, but preliminarily it appear[ed] that her losses [were] in excess of $75,000.00." With the benefit of hindsight, it is now known from the Complaint that the Plaintiff now estimates her loss at approximately $100,000 – closely within the range of her original estimate. Further, even if this were not accurate enough to be considered a "specified" amount of money, the amount was "determinable" had the Defendant taken the effort to complete

---

[2] Recognizing that unpublished authority is of limited precedential value, the undersigned nonetheless notes that the Fourth Circuit has also found that a carrier should not use "hyper-technical reliance" on a regulation which was actually designed to afford it an opportunity to investigate claims as an excuse not to investigate a claim. Alstom Power, Inc. v. Norfolk Southern Railway Co., 154 Fed. Appx. 365, 371-72 (4th Cir. 2005) (agreeing with district court's observation that "the regulations do not require 'an itemized statement of account that the carrier is expected to pay by return mail'" and finding that "a specific amount is not required; the claim must communicate the intent to hold the carrier liable and provide sufficient information for the carrier to investigate the claim") (citations omitted).

an inventory and appraisal itself.

For these reasons, the Defendant's Motion for Judgment on the Pleadings must and will be denied.

### III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The "Defendant's Motion for Judgment on the Pleadings . . ." (document #16) is **DENIED**.

2. The Defendant's "Motion to Strike Plaintiff's Affidavit" (document #25) is **DENIED**.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED, ADJUDGED, AND DECREED.**

Signed: July 3, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge